

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN "TRACY" JOSEY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:12-CV-580-A |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, John "Tracy" Josey, a state prisoner currently confined in the Bell County Law Enforcement Center in Belton, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

### I. Factual and Procedural History

Petitioner is serving a 99-year sentence for his September 14, 2011, conviction for evading arrest in cause number 15821 in

Wise County, Texas. (Resp't MTD, App. A) Petitioner appealed his conviction to the Second Court of Appeals of Texas, and the appeal remains pending at this time. (*Id.*, App. B) Respondent has filed a motion to dismiss the petition because petitioner has not yet exhausted his state remedies as to the claims presented. (Resp't MTD at 3-6) Petitioner has filed a motion to strike respondent's motion to dismiss. (docket entry no. 13) This is petitioner's second federal habeas petition challenging his 2011 conviction. His first was likewise dismissed without prejudice for failure to exhaust state court remedies. *Josey v. Thaler*, Civil Docket No. 4:12-CV-059-Y.

## II. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher*

---

[1]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or

2

v. *State*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2012); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

---

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

As noted in the Magistrate Judge's Findings and Conclusions in petitioner's previous federal habeas action, petitioner's claims have not been properly exhausted in state court. Petitioner's direct appeal remains pending in the intermediate state appellate court, and the Texas Court of Criminal Appeals has had no opportunity to review his claims and render a decision. Accordingly, a ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

Petitioner must first pursue his claims in state court. Only after his state remedies are concluded may he attack his conviction or sentence in this court by way of a federal petition pursuant to 28 U.S.C. § 2254. *See id*. Absent a showing that state remedies are inadequate, such showing not having been demonstrated, petitioner cannot now proceed in this court in habeas corpus. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Dismissal of this federal habeas corpus

4

proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

For the reasons discussed herein,

The court ORDERS that respondent's motion to dismiss be, and is hereby, granted and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice for failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b)(1). The court further ORDERS that any pending motions not previously ruled upon be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that he has exhausted his state court remedies or

made a substantial showing of the denial of a constitutional right.

SIGNED November \_\_\_\_8\_\_\_\_, 2012.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

6